Filing # 32714658 E-Filed 10/01/2015 11:26:05 AM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

DONOVAN HARGRETT,
on behalf of himself and on behalf
of all others similarly situated,

      Plaintiff,

v.                             Case No. : 15-CA-8354

                                     Division: C

AMAZON.COM, INC.,
a foreign Delaware corporation,

      Defendant.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DONOVAN HARGRETT, by and through undersigned counsel, on behalf of himself and the Putative Class set forth below, and in furtherance of the public interest, brings the following Class Action Complaint as of right against Defendant, AMAZON.COM, INC. ("Defendant") under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 et seq.

## PRELIMINARY STATEMENT

1.     Defendant AMAZON.COM, INC. is the largest Internet-based retailer in the United States, employing thousands of individuals across the country.

2.     At all times material hereto, Defendant was a foreign Delaware corporation headquartered in Washington State, and doing business in Ruskin, Florida, which lies within Hillsborough County.

3.    At all times material hereto, Defendant was subject to personal jurisdiction in the State of Florida under the Florida Long Arm Jurisdiction Act, Fla. Stat. Section 48.193. Specifically, Defendant was subject to personal jurisdiction in Florida, because it caused injury in the State of Florida through acts and omissions outside of the State of Florida.

4.    Defendant routinely obtains and uses information in consumer reports to conduct background checks on prospective and existing employees, and frequently relies on such information, in whole or in part, as a basis for adverse employment action, such as termination, reduction of hours, change in position, failure to hire, and failure to promote.

5.    While the use of consumer report information for employment purposes is not per se unlawful, it is subject to strict disclosure and authorization requirements under the FCRA.

6.    Defendant willfully violated these requirements in multiple ways, thereby systematically violating Plaintiff's rights and the rights of other putative class members.

7.    Defendant violated 15 U.S.C. § 1681b(b)(3)(A) by taking adverse employment action that could have been based on undisclosed consumer report information against Plaintiff and other putative class members, without first providing Plaintiff and other affected class members with a copy of the pertinent consumer report, and without providing them a reasonable opportunity to respond to the information in the report and discuss it with Defendant.

8.    Defendant also violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute. Under this subsection of the FCRA, Defendant is required to disclose to its employees – in a document that consists solely of the disclosure – that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. Id. Defendant willfully violated this requirement by

2

failing to provide Plaintiff and other putative class members with a copy of a document solely consisting of Defendant's disclosure that it may obtain a consumer report on any person for employment purposes, and also by failing to provide this disclosure prior to obtaining a copy of the person's consumer report.  Specifically, Defendant included a liability release within its FCRA disclosure form, which reads as follows: "I hereby release Amazon and its representatives in seeking such information and all other persons, corporations or organizations for furnishing such information... I further agree to hold harmless and indemnify Amazon and its employees and agents from and against any and all liability arising out of such background investigations." This practice violates longstanding regulatory guidance from the Federal Trade Commission ("FTC").

9.     Finally, Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(ii) by obtaining consumer reports on Plaintiff and other putative class members without proper authorization, due to the fact that its disclosure forms fail to comply with the requirements of the FCRA.

10.     Based on the foregoing violations, Plaintiff asserts FCRA claims against Defendant on behalf of himself and two separate putative Classes, consisting of Defendant's employees and prospective employees.

11.     In Count One, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(3)(A) on behalf of an "Adverse Action Class" consisting of:

> **All Amazon.com's employees and job applicants in the United States against whom adverse employment action was taken based on information contained in a consumer report obtained by Amazon.com, within five years of the filing of this complaint through the date of final judgment in this action who were not provided the proper pre-adverse notice as required by the FCRA.**

12.     In Counts Two and Three, Plaintiff asserts a pair of FCRA claims under 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) on behalf of a "Improper Disclosure and Authorization Class," consisting of:

**All Amazon.com's employees and job applicants in the United States who were the subject of a consumer report that was procured by Amazon.com within five years of the filing of this amended complaint through the date of final judgment in this action as required by the FCRA.**

13.     On behalf of himself and the Putative Classes, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief under the FCRA.

## THE PARTIES

14.     Individual    and    representative    Plaintiff    DONOVAN    HARGRETT ("Plaintiff") lives in Seffner, Florida.   Plaintiff is former applicant for employment with Defendant, and is a member of each of the Putative Classes defined below.

15.     Defendant is a Delaware corporation headquartered in Seattle, Washington. Defendant operates an online retail website with service centers across the country, and employs thousands of people.

## JURISDICTION AND VENUE

16.     This is an action for damages in excess of $15,000.00, exclusive of interest, fees, and costs, for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

17.     This Court has personal jurisdiction over Defendant Amazon.Com, Inc. under the Florida Long Arm Jurisdiction Act, Fla. Stat. Section 48.193.

18.     Furthermore, this Court's exercise of personal jurisdiction over Defendant is constitutionally sound. Through its operations in Ruskin, Florida, in Hillsborough County, Defendant has sufficient minimum contacts with the State of Florida to make it reasonably foreseeable that Defendant could be sued in Florida. Defendant will suffer no unfair prejudice from the exercise of this Court's personal jurisdiction, which serves the interests of justice in this case.

19.     Venue is proper in Hillsborough County, because all of the events giving rise to these claims arose in this County.

## ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES

### *Background Checks*

20.     Defendant conducts background checks on the majority of its job applicants as part of a standard screening process. In addition, Defendant also conducts background checks on existing employees from time to time during the course of their employment.

21.     Defendant does not perform these background checks in-house. Rather, Defendant relies on outside consumer reporting firms to obtain this information and send the resulting reports back to Defendant.

22.     These reports constitute "consumer reports" within the meaning of the FCRA.

### *FCRA Violations Relating to Background Check Class*

23.     Defendant procured consumer report information on Plaintiff in violation of the FCRA.

24.     Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

> (i)     a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure* that a consumer report may be obtained for employment purposes; and

> (ii)    the consumer has authorized the procurement of the consumer report in writing (which authorization may be made on the document referred to in clause (i)).

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii) (emphasis added).

25.     Defendant failed to satisfy these disclosure and authorization requirements.

26.     Defendant does not have a stand-alone FCRA disclosure or authorization form.

27.     This practice violates the plain language of the FCRA, and flies in the face of unambiguous case law and regulatory guidance from the FTC. See E.E.O.C. v. Video Only, Inc., No. 06-1362, 2008 WL 2433841, at *11 (D. Or., June 11, 2008) ("I grant summary judgment of liability that Video Only violated . . . 15 § 1681b(b)(2)(A)(I). This section provides that at any time before the report is procured, a disclosure is made in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes. Video Only disclosed this possibility as part of its job application, which is not a document consisting solely of the disclosure.")

28.     Defendant willfully disregarded this case law and regulatory guidance, and willfully violated 15 U.S.C. §§ 1681b(b)(2)(A) by procuring consumer report information on employees without complying with the disclosure and authorization requirements of the FCRA.

### *FCRA Violations Relating to Adverse Action Class*

24.     The FCRA also provides that "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates . . . a copy of the report[.]" 15 U.S.C. § 1681b(b)(3)(A)(i).

25.     Defendant typically does not provide job applicants or employees with a copy of their consumer reports when it takes adverse action against them based on the information in such reports.   By way of example, Plaintiff was refused employment by Defendant due to information obtained by Defendant contained in Plaintiff's consumer report; however, Plaintiff never received any pre-adverse notice from Defendant.

26.     This practice violates one of the most fundamental protections afforded to employees under the FCRA, and it also runs counter to longstanding regulatory guidance. ("[15 U.S.C. § 1681b(b)(3)(A)] requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information....")

27.     By failing to provide Plaintiff and other Putative Class members with copies of their consumer reports prior to taking adverse employment action against them based on such reports, Defendant willfully disregarded this regulatory guidance and the plain language of the statute, in violation of 15 U.S.C. § 1681b(b)(2)(A).

**ALLEGATIONS SPECIFIC TO PLAINTIFF**

28.     In mid-July 2015, Plaintiff applied to work for Defendant at its service center in Ruskin, Florida.

29.     Plaintiff submitted all of the required forms and completed a drug test for the application process, and also spoke with Defendant's representatives at a job fair.

30.     In late July 2015, Defendant procured a consumer report on Plaintiff by using the services of a third-party vendor.

31.     Plaintiff did not hear back from Defendant on the status of his employment application for weeks. In early August 2015, Plaintiff learned through his employment account on Defendant's website that his application had failed due to the results found in the background investigation.

32.     Plaintiff called Defendant's corporate offices to discuss its rejection of Plaintiff's employment application, but Plaintiff received no assistance.

33.     Eventually, Plaintiff contacted the consumer reporting agency used by Defendant to get a copy of the consumer report that was provided to Defendant.

34.     Plaintiff was given no pre-adverse notice whatsoever of the information contained in the consumer report upon which Defendant based its decision.

35.     Defendant did not provide Plaintiff with a copy of the consumer report that it relied upon prior to Defendant's adverse employment action.  As a result, in violation of the FCRA Plaintiff was deprived of any opportunity to review the information in the report and discuss it with Defendant before he was denied employment.

36.     It was unlawful for Defendant to deny Plaintiff employment on the basis of his employment application on the basis of information contained in a consumer report that was never shared with Plaintiff. It was also unlawful for Defendant to procure a consumer report on Plaintiff without making the disclosures required by the FCRA.

37.     In doing so, Defendant violated 15 U.S.C.  § 1681b(b)(3)(A) by taking adverse employment action against Plaintiff and other putative class members, based on undisclosed consumer report information, without first providing Plaintiff and other affected class members with a copy of the pertinent consumer report, and without providing them a reasonable opportunity to respond to the information in the report and discuss it with Defendant.

38.     Moreover, Defendant violated 15 U.S.C.  § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the statute. Under this

subsection of the FCRA, Defendant is required to disclose to its employees – *in a document that consists solely of the disclosure* – that it may obtain a consumer report on them for employment purposes, prior to obtaining a copy of their consumer report. Id. Defendant willfully violated this requirement by failing to provide Plaintiff and the putative class with a copy of a document consisting solely of the disclosure that Defendant may obtain a consumer report on Plaintiff and the putative class for employment purposes, prior to obtaining a copy of their consumer reports. This practice violates longstanding regulatory guidance from the FTC.

39. Also in violation of 15 U.S.C. §§ 1681b(b)(2)(A)(i), Defendant unlawfully inserted liability release provisions into forms purporting to grant Defendants authority to obtain and use consumer report information for employment purposes. The FCRA forbids this practice, since it mandates that all forms granting the authority to access and use consumer report information for employment purposes be "stand-alone forms" that do not include any additional agreements. Defendant's decision to include a liability release provision in its authorization forms is contrary to both the plain language of the FCRA and to unambiguous regulatory guidance provided by the FTC.

40. Specifically, Defendant's Background Check Disclosure form, demonstrates Defendant's intent to conduct a background check while simultaneously purporting to release Defendant from any liability in relation to the background check in the event that any information obtained proves erroneous. The release reads as follows: "I hereby release Amazon and its representatives in seeking such information and all other persons, corporations or organizations for furnishing such information... I further agree to hold harmless and indemnify Amazon and its employees and agents from and against any and all liability arising out of such

background investigations."

41.     The inclusion of this release provision in Defendant's disclosure and release form violates the FCRA. Since 1998, the FTC has specifically warned that "inclusion of such a waiver [of liability] in a disclosure form will violate Section (b)(2)(A) of the FCRA, which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."

42.     Defendant willfully disregarded this regulatory guidance and willfully violated 15 U.S.C. § 1681b(b)(2)(A) by procuring consumer report information on employees without complying with the disclosure and authorization requirements of the FCRA.

43.     The FCRA also requires employers to provide notice at three different periods: (1) before an employer requests and/or procures a consumer report, it must provide notice to the employee in a "stand-alone" document, and must also receive written authorization from the employee (referred to as "Disclosure and Authorization"); (2) once an employer obtains a consumer report on an employee and before an employer can take adverse action against this same employee, it must first provide the employee with a copy of the report, and provide the employee with a description of the employee's rights under the FCRA (referred to as "Pre-Adverse Action Notice"); and (3) once an employer takes adverse action, it must notify the employee that (i) it is taking adverse action based on the information contained in the employee's consumer report, (ii) it is providing the employee with the name, address, and telephone number of the consumer reporting agency that furnished the consumer report, (iii) it is providing the employee with a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with specific reasons as to why the adverse action was taken, (iv) it is providing the employee with notice of the

employer's rights as a consumer to obtain…a free copy of the consumer report on the consumer from the consumer reporting agency…[within] the 60–day period," and (v) it is providing the employee with "notice of the consumer's right to dispute…with a consumer reporting agency the accuracy or completeness of any information in a consumer repot furnished by the agency [(referred to as "Post-Adverse Action Notice")]." See 15 U.S.C. §§ 1681b and 1681m.

44.    Defendant failed to satisfy the requirements of the Disclosure and Authorization and Pre-Adverse Action Notice when it procured Plaintiff's consumer report and refused Plaintiff's employment based on, information contained in Plaintiff's consumer report.

### CLASS ACTION ALLEGATIONS

45.    Plaintiff assert a claim under Count 1 of this Amended Complaint on behalf of a Putative Adverse Action Class defined as follows:

> **All Amazon.com's employees and job applicants in the United States against whom adverse employment action was taken based on information contained in a consumer report obtained by Amazon.com within five years of the filing of this complaint through the date of final judgment in this action who were not provided the proper pre-adverse notice as required by the FCRA.**

46.    Plaintiff asserts claims under Counts 2 and 3 of this Amended Complaint on behalf of a Putative Background Check Class defined as follows:

> **All Amazon.com's employees and job applicants in the United States who were the subject of a consumer report that was procured by Amazon.com within five years of the filing of this complaint through the date of final judgment in this action as required by the FCRA.**

47.    Numerosity: The members of the Putative Classes are so numerous that joinder of all Class members is impracticable.  Defendant regularly obtains and uses information in consumer reports to conduct background checks on prospective employees and existing employees, and frequently relies on such information, in whole or in part, as a basis for taking adverse employment action. Plaintiff is informed and believes that during the

relevant time period, thousands of Defendant's employees and prospective employees satisfy the definition of the Putative Classes.

48.     Typicality:     Plaintiff's claims are typical of those of the members of the Putative Classes. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees.   Defendant typically does not provide copies of consumer reports to employees or prospective employees before taking adverse action against them, based on information contained in such reports. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

49.     Adequacy:     Plaintiff will fairly and adequately protect the interests of the Putative Classes, and has retained counsel experienced in complex class action litigation.

50.     Commonality:  Common questions of law and fact exist as to all members of the Putative Classes, and predominate over any questions solely affecting individual members of the Putative Classes. These common questions include, but are not limited to:

a.     Whether Defendant uses consumer report information to conduct background checks on employees and prospective employees;

b.     Whether Defendant's background check practices and/or procedures comply with the FCRA;

c.     Whether Defendant violated the FCRA by procuring consumer report information without making proper disclosures in the format required by the statute;

d.     Whether Defendant violated the FCRA by procuring consumer report information based on invalid authorizations;

e.     Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action Class that may have been based on information in a consumer report, without first furnishing

12

a copy of the report to the affected persons;

f.      Whether Defendant's violations of the FCRA were willful;

g.      The proper measure of statutory damages; and

h.      The proper form of injunctive and declaratory relief.

51.      This case is maintainable as a class action because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

52.      This case is also maintainable as a class action because Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Classes as a whole.

53.      Class certification is also appropriate under because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and also because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct, which is described in this Amended Complaint, stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly

duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single action, brought in a single forum.

54.     Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 23. The names and addresses of the Putative Class members are readily available from Defendant's records.

### FIRST CLAIM FOR RELIEF
**Failure to Provide Copy of Consumer Report in Violation of FCRA**
**15 U.S.C. § 1681b(b)(3)(A)**

55.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

56.     Defendant m a y  h a v e  used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the Adverse Action Class.

57.     Defendant violated the FCRA by failing to provide Plaintiff and other Adverse Action Class members with a copy of the consumer report that may have been used to take adverse employment action against them. See 15 U.S.C. § 1681b(b)(3)(A).

58.     The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Adverse Action Class members under 15 U.S.C. § 1681b(b)(3)(A). Defendant knew or should have known of its legal obligations under the FCRA. These obligations are well established in the plain language of the statute and in the promulgations of the Federal Trade Commission. Defendant obtained or

otherwise had available substantial written materials that apprised Defendant of its duties under the FCRA. Any reasonable employer knows of the existence of these FCRA mandates, or can easily discover their substance.

59.     Plaintiff and the Adverse Action Class are entitled to statutory damages of not less than one hundred Dollars ($100) and not more than one thousand Dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

60.     Alternatively, and at a minimum, Defendant's actions were negligent.

61.     Plaintiff and the Adverse Action Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

**SECOND CLAIM FOR RELIEF**
**Failure to Make Proper Disclosure in Violation of FCRA**
**15 U.S.C. § 1681b(b)(2)(A)(i)**

62.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

63.     In violation of the FCRA, the background check that Defendant required the Background Check Class to complete as a condition of their employment with Defendant does not satisfy the disclosure requirements of 15 U.S.C. § 1681b(b)(2)(A)(i), because Defendant failed to provide a stand-alone document pertaining to how the consumer report information would be obtained and utilized.

64.     Defendant violated the FCRA by procuring consumer reports on Plaintiff and other Background Check Class members without first making proper disclosures in the format required by 15 U.S.C. § 1681b(b)(2)(A)(i). Namely, these disclosures had to be made: (1) before Defendant actually procured consumer reports, and (2) in a stand-alone document, clearly

15

informing Plaintiff and other Background Check Class members that Defendant might procure a consumer report on each of them for purposes of employment.

65.     The foregoing violations were willful. Defendant knew that it was required to provide a stand-alone form prior to obtaining and then utilizing a consumer report on any of the Background Check Class members. By failing to do so, Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check Class members under 15 U.S.C. § 1681b(b)(2)(A)(i). Defendant knew or should have known of its legal obligations under the FCRA. These obligations are well established in both the plain language of the FCRA and in the promulgations of the Federal Trade Commission.  Defendant obtained, or had available to it, substantial written materials that apprised it of its duties under the FCRA. Any reasonable employer would know of, or could easily discover, the FCRA's mandates.

66.     Plaintiff and the Background Check Class are entitled to statutory damages of not less than one hundred Dollars ($100) and not more than one thousand Dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

67.     Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

**THIRD CLAIM FOR RELIEF**
**Failure to Obtain Proper Authorization in Violation of FCRA**
**15 U.S.C. § 1681b(b)(2)(A)(ii)**

68.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

69.     Defendant violated the FCRA by procuring consumer reports relating to Plaintiff and other Background Check Class members without proper authorization. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

70.     The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Background Check Class members under 15 U.S.C. § 1681b(b)(2)(A)(ii). Defendant knew or should have known of its legal obligations under the FCRA. These obligations are well established in both the plain language of the FCRA and in the promulgations of the Federal Trade Commission. Defendant obtained, or had available to it, substantial written materials that apprised it of its duties under the FCRA. Any reasonable employer would know of, or could easily discover, the FCRA's mandates.

71.     Plaintiff and the Background Check Class are entitled to statutory damages of not less than one hundred Dollars ($100) and not more than one thousand Dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

72.     Plaintiff and the Background Check Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

**PRAYER FOR RELIEF**

73.     **WHEREFORE**, Plaintiff, on behalf of himself and the Putative Classes, prays for relief as follows:

A.     Determining that this action may proceed as a class action;

B.     Designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Classes;

C.     Issuing proper notice to the Putative Classes at Defendant's expense;

D.     Declaring that Defendant committed multiple, separate violations of the FCRA;

E.     Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

F.     Awarding statutory damages as provided by the FCRA, including punitive damages;

G.     Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

H.     Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff and the Putative Class demand a trial by jury for all issues so triable.

Dated this _1st_ day of October, 2015.

Respectfully submitted,

*Steven G Wenzel*
**STEVEN G. WENZEL**
Florida Bar No.159055
Email: swenzel@wfclaw.com
Email: mcambronero@wfclaw.com
**LUIS A. CABASSA**
Florida Bar No. 0053643
Email: lcabassa@wfclaw.com
Email: mkimbrough@wfclaw.com
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-223-6545
Facsimile No.: 813-229-8712
**ATTORNEYS FOR PLAINTIFF**

18