UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONOVAN HARGRETT,

        Plaintiff,

v.                                              CASE NO. 8:15-cv-2456-T-26EAJ

AMAZON.COM, INC.,

        Defendant.
_____/

**O R D E R**

    **THIS CAUSE** comes before the Court on Defendant's Motion to Transfer and Dismiss Plaintiff's Second Amended Complaint and Incorporated Memorandum of Law in Support (Dkt. 10) and Plaintiff's Response in Opposition (Dkt. 14).

    The Complaint in this lawsuit alleges two class claims brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(2), and a third individual, non-class claim brought under 15 U.S.C. § 1681b(b)(b)(3).   Plaintiff also raises a single claim for Defendant's violation of 15 U.S.C. § 1681b(b)(3)(A).  The case was originally filed in the Thirteenth Judicial Circuit Court in Hillsborough County, Florida, on September 11, 2015.  Defendant removed it to this Court on October 15, 2015.

    Defendant now seeks to have the case transferred to the Northern District of Illinois by arguing that it overlaps with a case styled Williams, et al. v. Amazon.Com, Inc., et al., Case No.: 1:15-cv-7256 ("Williams") (filed on April 7, 2015), under the "first-filed" rule.  The three primary considerations when determining the applicability of the first-filed rule are: (1) the

chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues. Nat'l Union Fire Ins. Co. v. Beta Constr. LLC, 2010 WL 3789042, at *3 (M.D. Fla. Sept. 24, 2010).  Plaintiff does not dispute that the Williams case was filed first; however, Plaintiff properly argues that the two cases have different plaintiffs and defendants.  The cases also involve completely different issues with no substantial overlap.  This is a "bb2" or "disclosure class" FCRA class action.  The Williams case is a "pre-adverse" class action.  Therefore, the "first-filed" rule does not apply here.

Transfer under 28 U.S.C. § 1404(a) would likewise be inappropriate.  The Eleventh Circuit standard for such a transfer is demanding because "the movant must show the balance of convenience is 'strongly in favor' of the transfer."  American Aircraft Sales Int'l, Inc. v. Airwarsaw, Inc., 55 F. Supp. 2d 1347, 1351 (M.D. Fla. 1999) (quoting Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996)).  Defendant fails to carry this heavy burden.  A court examining whether the balance of justice and convenience favors transfer considers a broad range of factors, including:  (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a  forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.  Manuel v. Convergys Corp., 430 F.3d 1132, 1135, n.1 (11th Cir. 2005).  The balance of these factors weighs heavily against transfer.

Plaintiff chose to file his lawsuit in Florida because he is a resident of Seffner, Florida, and the pleadings establish that venue here is proper.  Seffner, Florida, is also the location where Plaintiff applied to work.  Thus, the employees who will serve as witnesses are/were likely employed at the Defendant's fulfillment center which is located within this district.  As Plaintiff asserts, it is also logical to assume that the documents relevant to Plaintiff's claim are either likely to  be located within this district or, at a minimum, to be electronically stored online and can be easily made available here at Plaintiff's counsel's office.  The locus of operative facts falls plainly within this district inasmuch as Plaintiff applied online to work for Defendant at the Seffner, Florida, fulfillment center via Defendant's website.  The employees who worked for Defendant at the fulfillment center where Plaintiff applied to work are likely located within this district as well and, thus, can be readily served here.  In addition, Plaintiff's financial means to pursue this lawsuit are vastly outmatched by Defendant.  Finally, there are "no efficiencies to be gained by transfer of this matter to a new District, only delays.  In sum, the Court finds that he overall circumstances and the interests of justice both favor denying Defendant's Motion.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

Defendant's Motion to Transfer and Dismiss Plaintiff's Second Amended Complaint and Incorporated Memorandum of Law in Support (Dkt. 10) is **DENIED**.  Defendant shall file its answer to the Complaint within fourteen (14) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on October 30, 2015.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record