# EXHIBIT 1

**Executed Settlement Agreement**

DocuSign Envelope ID: C5F12447-3268-461C-9474-434BBADDA237

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONOVAN HARGRETT
and MICHAEL MATHIS, *et al.*,

    Plaintiffs,

v.                         **CASE NO. 8:15-cv-2456-T-26EAJ**

AMAZON.com DEDC LLC,

    Defendant,

_____

MICHAEL AUSTIN, *et al.*,

    Plaintiff,

v.                         **CASE NO. 8:15-cv-2588-T-26JSS**

AMAZON.com DEDC LLC,

    Defendant,

_____/

## STIPULATION AND SETTLEMENT AGREEMENT
## BETWEEN PLAINTIFFS AND AMAZON.COM DEDC LLC

### I.    INTRODUCTION.

This Settlement Agreement ("Agreement") is made and entered into this 16th day of July 2018, by and between Plaintiffs Donovan Hargrett, Michael Austin, and Michael A. Mathis (collectively, "Plaintiffs" or "Named Plaintiffs"), on their behalf and on behalf of the Settlement Class defined below and described herein, and Defendant Amazon.com DEDC, LLC (hereinafter referred to as "Amazon").

## II.    RECTIALS.

A.      In September 2015, Plaintiff Hargrett filed a lawsuit in the Circuit Court of Hillsborough County Florida alleging violations of the Fair Credit Reporting Act ("FCRA") against Amazon. Amazon removed that case to the Federal District Court of the Middle District of Florida in October 2015, which was assigned the above case style and later consolidated with a lawsuit brought by Michael Austin making similar allegations (hereafter the "Hargrett Matter"). Plaintiff Michael A. Mathis filed a case alleging different FCRA claims against Amazon in the Federal District Court for the Middle District of Florida in August 2017 (hereafter the "Mathis Matter"), and was represented by the same Counsel as in the Hargrett Matter. The Mathis Matter was dismissed without prejudice upon notice of settlement, and by amendment of the Hargrett Matter, Mathis was added as a Named Plaintiff (the "Action").  Plaintiffs Hargrett and Austin bring their Action as a putative class action on behalf of all applicants and employees of Amazon who executed the Disclosure Form (as defined below) and for whom Amazon procured a consumer report, as defined by the FCRA. Plaintiffs Hargrett and Mathis allege FCRA claims, also on a classwide basis, for individuals against whom Amazon took adverse employment actions based on the content of consumer reports without first providing notice to those individuals of its intent to take such actions.

B.      The Hargrett Matter alleges that Defendant violated the FCRA because Amazon's inclusion of additional language in the Disclosure Form violated Section 604(b)(2)(A) of the FCRA, 15 U.S.C. § 1681b(b)(2)(A); and the Mathis Matter claims Amazon's process for distributing notice prior to taking an adverse employment action based upon a background check report violated Section 604(b)(3) of the FCRA, 15 U.S.C. § 1681b(b)(3).

C.      Amazon denies that it engaged in any wrongdoing, does not admit or concede any actual or potential fault, wrongdoing or liability in connection with any facts or claims that have been or could have been alleged against it in the Matters, denies that the claims asserted by Plaintiffs are suitable for class treatment other than for settlement purposes, denies that Plaintiffs or the Classes they sought to represent have suffered any harm as a result of the allegations in the Matters, denies that it has any liability whatsoever, but has entered into this Agreement because of the substantial expense of litigation, the length of time necessary to resolve the issues presented, the inconvenience involved, and the disruption to its business operations. This Agreement is not, and shall not, in any way be deemed to constitute an admission or evidence of any wrongdoing or liability on the part of the Amazon, nor of any violation of any federal, state, or municipal statute, regulation, principle of common law or equity.

D.      The attorneys representing the Settlement Class defined below are experienced in litigating class action claims of the type involved in the Matters.

E.      In March 2018, the Parties began to mediate the Matters with Rodney Max, Esq. as the mediator (the "Mediation"). The Parties exchanged settlement proposals, documents, and other confidential information pertaining to the putative classes at issue.

F.      As a result of the Mediation, the Parties reached an agreement in principle to settle both Matters on a classwide basis.

G.      The Parties to this Agreement and their respective attorneys of record, taking into account the risks, uncertainties, delay, and expense involved in the Matters, as well as other relevant considerations, have concluded that it is in the best interests of all parties and the potential classes to compromise and fully and finally settle the Matters in the manner and upon the terms and conditions hereinafter set forth. The Parties to this Agreement intend that this Settlement will

end and encompass all pending, threatened, or possible litigation and/or claims against Amazon that arise or relate to the Action or that could have been brought in this Action, upon entry of a final order approving this Settlement and this Agreement.

H.    The Parties specifically agree that Amazon's execution of this Agreement is not, and shall not be construed as, an admission by Amazon or deemed to be evidence of the validity of any of the claims made by Plaintiffs on behalf of themselves or the members of the Settlement Classes or of any liability to Plaintiffs or to any member of the Settlement Classes, or that Amazon violated any federal or other applicable law. The Parties further agree that neither this Agreement itself, nor any of the documents prepared or executed by any party to this Agreement in negotiating or implementing the settlement called for by this Agreement, nor any of the terms of any such documents, shall ever be offered in evidence in or shared with any party to any civil, criminal, or administrative action or proceeding without Amazon's express written consent, except to enforce compliance with this Agreement.

I.    The relief provided to the Class Members and the procedures set forth in this Agreement for the distribution of relief provide a fair, flexible, speedy, cost-effective, and assured monetary settlement to the Class Members. Thus, this Agreement provides considerable benefit to the Class Members while avoiding costly litigation of difficult and contentious issues.

J.    Based on Class Counsel's extensive analysis of the law and facts at issue in the Matters, and the fair, flexible, speedy, cost-effective, and assured procedures for providing a monetary settlement to the Class Members, the Class Representatives (on advice of Class Counsel) have determined that this Settlement with Amazon on the terms set forth below is fair, adequate, and reasonable, and thus in the best interests of the Class Members.

4

## III.  DEFINITIONS.

For purposes of this Agreement, the following definitions shall apply:

A.      The "Hargrett Matter" shall mean and refer to *Donovan Hargrett and Michael Austin v. Amazon.com.DEDC, LLC*, pending as Case Nos. 8:15-cv-2456-T-26EAJ and 8:15-cv-2588-T-26JSS, in the U.S. District Court for the Middle District of Florida, including the claims of Mathis.

B.      The "Mathis Matter" shall mean *Michael A. Mathis v. Amazon.com.DEDC, LLC, et al.*, pending as Case No. 8:17-cv-01991-JSM-AEP, in the U.S. District Court for the Middle District of Florida. Together, the Hargrett Matter and the Mathis Matter are referred to herein as the "Action."

C.      "Agreement" means this Settlement Agreement and Release.

D.      "Amazon" or "Defendant" means Defendant Amazon.com.DEDC, LLC.

E.      "Attorneys' Fees and Expenses" means such funds as may be awarded to Class Counsel to compensate them for their fees and all expenses incurred by Plaintiffs or Class Counsel in connection with the Action.

F.      "Class Representative(s)" or "Named Plaintiff(s)" means Plaintiffs Donovan Hargrett, Michael Austin, and/or Michael Mathis.

G.      "Class Counsel" means Luis A. Cabassa and Brandon J. Hill of the law firm Wenzel Fenton Cabassa, P.A., Leonard A. Bennett and Craig C. Marchiando of Consumer Litigation Associates, P.C., and Marc Edelman of Morgan & Morgan.

H.      "Disclosure Form" means the document titled "Background Check Disclosure" utilized by Amazon and filed as ECF No. 119-8 or forms of a similar nature regardless of formatting, pagination, or printing differences.

I.     "Defense Counsel" means Gregory T. Parks, Paul C. Evans, and Brian M. Ercole of Morgan, Lewis & Bockius LLP.

J.     "Disclosure Form Settlement Class" means all members of the class of individuals that will be certified by the Court for settlement purposes. The Disclosure Form Settlement Class shall consist of all individuals in the United States who (a) applied online for work at Amazon or its affiliates using the Salesforce platform; (b) were the subject of a consumer report that was procured by Amazon or its affiliates (or caused to be procured by Amazon); (c) to whom Amazon or its affiliates presented the Disclosure Form; (d) within two years of the filing of the Hargrett Matter through the date of Preliminary Approval. The Disclosure Form Settlement Class consists of approximately 454,000 individuals. The Disclosure Form Settlement Class will not include any individuals who timely opt out of the Settlement. The approximate number of class members is a material term of this Settlement.

K.     The "Adverse Action Settlement Class" shall consist of all Disclosure Form Class Members as to whom Amazon or its affiliates took adverse action based in whole or in part on any consumer report from August 22, 2015 through the date of Preliminary Approval. The Adverse Action Settlement Class consists of approximately 29,000 individuals. The Adverse Action Settlement Class will not include any individuals who timely opt out of the Settlement. The approximate number of class members is a material term of this Settlement.

L.     "Final" with respect to the Judgment, any award of Attorneys' Fees and Expenses, or any Incentive Award means that the time for appeal or writ review has expired without any appeal being filed or, if an appeal or petition for review is taken and dismissed or the Settlement (or award of Attorneys' Fees and Expenses) is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired without an appeal being

filed. If the Judgment is set aside, materially modified, or overturned by the Court or on appeal, and is not fully reinstated on further appeal, the Judgment shall not become Final.

M.    "Final Approval Order" and "Judgment" means the Order and Judgment to be entered by the Court pursuant to the Settlement which grants final approval of this Settlement, dismisses with prejudice Plaintiffs' claims, and enters a judgment according to the terms set forth in this Agreement, including by ordering the Release of the Released Claims.

N.    "Notice Date" means the date by which notice of the Settlement shall be sent by the Settlement Administrator to Settlement Class Members, in substantially the form attached as Exhibit B to this Agreement and/or as ultimately approved by the Court. Notice shall be sent within thirty (30) days of the grant of Preliminary Approval.

O.    "Net Settlement Fund" means the amount of money remaining after the Settlement Fund is reduced by the following amounts: (a) the Service Awards to the Named Plaintiffs that the Court approves; and (b) the reasonable Attorneys' Fees and Expenses to Class Counsel that the Court approves.

P.    "Notice and Administrative Costs" means the reasonable and authorized costs and expenses of disseminating and publishing the Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Settlement Administrator in administering the Settlement.

Q.    "Opt-Out" or "Objection Deadline" means the date the Court establishes as the deadline by which members of the Settlement Class must postmark a written notice of their intent to opt-out of the settlement and by which objections to the preliminarily approved Settlement must be filed with the Court. The Parties shall jointly request that this date be forty-five (45) days before the date set by the Court for the Final Approval Hearing.

7

DocuSign Envelope ID: C5F12447-3268-461C-9474-434BBADDA237

R.  "Parties" means the Plaintiffs and Amazon.

S.  "Preliminary Approval Order" means the order in substantially similar form as Exhibit A and providing for, among other things, preliminary approval of the Settlement as fair, reasonable, and adequate; preliminary certification of the Settlement Classes for settlement purposes only; dissemination of the Class Notice to the Settlement Classes; and finding that the proposed Class Notice is reasonably calculated to apprise the Settlement Class Members of the pendency of the Action and the best practicable notice under Fed. R. Civ. P. 23, the material terms of the proposed Settlement, and the Settlement Class Members' options and rights with respect thereto.

T.  "Release" or "Releases" means the releases of all Released Claims against the Released Persons, as provided for in Section V of the Settlement Agreement.

U.  "Released Claims" means all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, defenses, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, demands, and any other forms of liability released pursuant to Section V of the Settlement Agreement.

V.  "Released Persons" means Amazon and its respective present, former, and future affiliates, parents, subsidiaries, corporate family members, officers, directors, partners, employees, agents, attorneys, heirs, administrators, executors, members, member entities, shareholders, predecessors, successors, representatives, trustees, principals, assigns, and insurers individually, jointly, and severally. Accurate Background, Inc. is not a Released Person.

W.  "Service Award" means a service award that each Plaintiff shall apply for as compensation for his time and effort undertaken in the Action, not to exceed $3,000 per Plaintiff, for a total of $9,000.

8

X.      "Settlement" means the settlement set forth in this Agreement.

Y.      "Settlement Administrator" means the administrator that is chosen as mutually agreed by the Parties, after a reasonable effort has been made to ensure that costs are kept to a minimum and that a reputable Settlement Administrator is chosen. The Settlement Administrator may be replaced by the Parties at their discretion if they jointly agree. In the absence of agreement between the Parties, the Court, upon good cause shown, may order replacement of the Settlement Administrator.

Z.      "Settlement Classes" means all persons included in the "Disclosure Form Settlement Class" and "Adverse-Action Settlement Class" and appearing on the Settlement Class Lists.

AA.     "Settlement Class List" means a list of all individuals who are part of the Settlement Classes, to be generated by Amazon and provided to Class Counsel and the Settlement Administrator, not more than twenty (20) days after the Court enters a Preliminary Approval Order. The Class List shall be provided in Excel format or another format acceptable to the Settlement Administrator, and shall include the following information in a separate field for each class member, as available in Amazon's records: First Name, Middle Initial (if available), Last Name, and last-known residence address, including Street Address, City, State, and Zip Code, and last-known electronic mail address. Amazon shall only be obligated to provide such information as is available in its records.

BB.     "Settlement Class Member" means any individual who is a member of the Settlement Classes who does not file a timely and valid written notice of intent to opt-out by the Opt-Out Deadline.

9

DocuSign Envelope ID: C5F12447-3268-461C-9474-434BBADDA237

CC.    "Settlement Class Notice" or "Class Notice" means the program of notice described in this Agreement, including Section VII, to be provided to Settlement Class Members, including the Notice (Exhibit B) to be e-mailed to Settlement Class Members, and mailed to Settlement Class Members for whom a valid email address does not exist, and the Settlement Website, which will notify Settlement Class Members, among other things, about their rights to opt out and object to the Settlement, the amount of their Settlement Payment, the preliminary approval of the Settlement, and the scheduling of the Final Approval Hearing.

DD.    "Settlement Effective Date" means the date on which the Judgment in this case becomes Final (as defined in Section III(J) of this Agreement). If no Class Member properly objects to the Settlement, the Final Settlement Date means thirty (30) days after the date on which the Court's order granting final approval is entered on the docket. If no appeal has been taken from the Judgment, the Final Settlement Date means the date on which the time to appeal has expired. If any appeal has been taken from the Judgment, the Final Settlement Date means the date on which all appeals, including petitions for rehearing, petitions for rehearing *en banc*, and petitions for certiorari or any other form of review, have been finally disposed of in a manner that affirms the Judgment. It is the intention of the Parties that the Settlement shall not become effective until the Court's Final Approval Order and Judgment has become completely Final and until there is no timely recourse by an appellant or objector who seeks to contest the Settlement. It is also the Parties' intention that the Court retain jurisdiction throughout this entire case and settlement process until it is complete.

EE.    "Settlement Fund" means the $5,000,000 in total settlement funds and Amazon gift cards that Amazon will commit to settle this Action. Apart from Notice and Administrative Costs, which shall be separately paid by Amazon, all costs, expenses, fees, relief, and/or any payments of

10

any kind in connection with or associated with this Settlement shall be paid from the Settlement Fund, including, but not limited to: (a) all payments and Amazon gift cards to Settlement Class Members; (b) all Service Awards; and (c) all Attorneys' Fees and Expenses. All Disclosure Form Settlement Class Members must submit a claim form, an exemplar of which is included in Exhibit C, certifying under penalty of perjury his or her injury and entitlement to payment. All Adverse Action Settlement Class Members must submit a claim form, an exemplar of which is included as Exhibit C, certifying under penalty of perjury that he or she could have corrected a criminal record if given more of a chance. If the Court grants the motion for Attorneys' Fees and Expenses, for the approximately 454,000 class members in the Disclosure Form Class, each class member would receive a benefit of at least $7.02 or at most $125. For the approximately 700 members who are also in the Adverse Action Settlement Class, each member of this sub-class would receive an additional benefit of at least $5 or at most $150.

FF.    "Settlement Website" means the Internet site created by the Settlement Administrator pursuant to this Agreement to provide information about the Settlement, which shall have the Uniform Resource Locator of HargrettFCRASettlement.com.

GG.    "Settling Parties" means, collectively, Amazon, Named Plaintiffs, and all Settlement Class Members.

## IV.    RELIEF AND BENEFITS.

A.    Settlement Fund. Except for Notice and Settlement Costs, as provided for in Section IV(B)(5), the Settlement Fund is the maximum amount that Amazon will have to commit under this Settlement. The commitments described in this Section shall exhaust and fully satisfy any and all payment obligations under this Settlement Agreement of Amazon, and shall extinguish entirely any further obligation, responsibility, or liability to pay any additional expenses, costs,

sums, taxes, or payments of any kind to the Named Plaintiffs, the Settlement Class Members, or to any of their respective counsel, experts, advisors, agents, and representatives—all of whom shall look solely to the Settlement Fund for Settlement and satisfaction of all claims released in this Settlement Agreement. If Amazon is obligated, ordered, or otherwise required to make any additional payments in connection with this Settlement, Amazon shall have the right to terminate this Agreement without penalty or sanction.

      B.    <u>Distribution of Settlement Fund</u>. The proceeds of the Settlement Fund will be distributed as follows:

      1.    <u>Monetary Benefits to Settlement Class</u>. In exchange for the Releases described below, members of the Settlement Class shall each be entitled to receive from the Net Settlement Fund an Amazon gift card or, if they attest in writing their inability to redeem such gift card, a cash payment, capped according to the specific Class. Payments shall be calculated on a *pro rata*, per person basis based on the number of valid claims submitted, and distributed by the Settlement Administrator.

      Amazon will not retaliate against any employee or applicant because he or she chose to claim a payment from this Settlement.

      2.    <u>Service Payment to Named Plaintiffs</u>. Plaintiffs' Counsel may petition the Court for a $3,000 service award for each Named Plaintiff, in consideration for their service as Named Plaintiff. If approved by the Court, this service award will be paid to the Named Plaintiffs by the Settlement Administrator at the same time as the settlement payments are issued to the Settlement Class under Section IV(A)(1) of the Agreement. The motion for a Service Payment to Named Plaintiffs shall be filed no later than fourteen (14) days before the Opt-Out Deadline. Amazon will not oppose a request for Service Payments of $3,000 for each Named Plaintiff.

3.      Attorneys' Fees and Expenses. Plaintiffs' Counsel may apply to the Court for an award of fees and expenses to be paid from the Settlement Fund. Expenses shall be paid in addition to attorneys' fees in the amount in which they were or are incurred by Class Counsel and are approved for reimbursement by the Court. The motion for Attorneys' Fees and Expenses shall be in an aggregate sum, shall not exceed one-third of the Settlement Fund ($1,666,666), and shall be filed no later than fourteen (14) days before the Opt-Out Deadline. Amazon agrees not to oppose Plaintiff's application for Attorneys' Fees and Expenses consistent with these limitations. By signing this Agreement, the Parties and their counsel warrant that Attorneys' Fes and Expenses were negotiated only after the Class relief and amount of the Settlement Fund had been agreed upon.

4.      Settlement Class Members' *Pro Rata* Distribution.

a.      Disclosure Form Settlement Class Members, upon making a claim with a certification under penalty of perjury that the claimant did not understand that Amazon would obtain a consumer report / background check and use it to make a hiring decision and claimant wishes to make a claim for that, shall receive a pro rata share of $3,188,333.33, up to a maximum of $125 per claimant, on an Amazon gift card. If claimant can certify that claimant has no Amazon account and no way to use an Amazon gift card, that claimant can receive a check in the relevant pro rata share amount.

b.      Adverse Action Settlement Class Members, upon making a claim with a certification under penalty of perjury that the claimant could have corrected his or her criminal record if given an opportunity, shall receive a pro rata share of $145,000, up to a maximum of $150 per claimant, additional, on an Amazon gift card. If claimant can

13

DocuSign Envelope ID: C5F12447-3268-461C-9474-434BBADDA237

certify that claimant has no Amazon account and no way to use an Amazon gift card, that claimant can receive a check in the relevant pro rata share amount.

    c.  Settlement Class Members shall have 60 days from the date on which checks are mailed to negotiate any checks.

    d.  The Amazon gift cards distributed pursuant to this Settlement Agreement shall have no expiration date.

    5.  Administrative Costs. Amazon agrees to separately pay all Notice and Administrative Costs not funded by uncashed checks as provided below.

    6.  Cy Pres. Any checks remaining uncashed after the 60-day period for negotiating checks shall be used first to fund Notice and Administration Costs. Any uncashed checks in excess of the total Notice and Administration Costs will constitute a cy pres fund and, subject to the Court's approval, will be donated to the National Association of Consumer Advocates, a 501c(3) non-profit corporation, with the designation that the donated funds be used to assist consumers in areas affected by Hurricanes Harvey, Irma, and Jose.

    7.  Taxes. The Parties agree the payments to each Settlement Class Member are not wages and each Settlement Class Member will be solely responsible for correctly characterizing this payment for tax purposes and for paying any taxes owed on this payment. The Parties also agree that any approved Service Award to the Named Plaintiffs are not wages and the Named Plaintiffs will be solely responsible for correctly characterizing this payment for tax purposes and for paying any taxes owed on this payment. The Settlement Administrator on Amazon's behalf will issue to Named Plaintiffs an IRS Form 1099 for payment.

    8.  Payments to Class Counsel. As soon as is practicable after the Settlement Effective Date, but no later than fourteen (14) days after that date, Amazon will pay, or cause to be

paid, by wire transfer, any approved Attorneys' Fees and Expenses to Class Counsel. Class Counsel shall provide to Amazon a Form W-9 with a tax identification number prior to the Final Approval Hearing.

        9.     <u>Payments and Gift Cards From Amazon</u>. Within twenty (20) days after the Settlement Effective Date, Amazon will provide to the Settlement Administrator the gift card codes that the Settlement Administrator shall email to all Settlement Class Members who submitted valid claims for payment. On that same date, Amazon will pay, or cause to be paid, by wire transfer to the Settlement Administrator, the cash amount necessary for the Settlement Administrator to create and mail checks to those Settlement Class Members who are validly entitled to a cash payment rather than an Amazon gift card plus the amount of any approved service awards for the Named Plaintiffs. The Administrator shall distribute the benefits in a *pro rata* fashion as described in paragraph 4 above and distribute the value of any uncashed checks as described in paragraphs 4-6 above. Amazon shall have no further obligations to any Named Plaintiff or Settlement Class Member upon payment of the Net Settlement Fund.

        10.     <u>Service Payment to Named Plaintiff and Payments to Settlement Class Members</u>. All check payments to Settlement Class Members will be traditionally mailed by the Settlement Administrator by first-class U.S. mail, postmarked within thirty (30) days of the Settlement Effective Date. All checks will expire 60 days after they are issued and will state this on their face. Amazon gift cards shall be distributed electronically by the Settlement Administrator and shall have no expiration date, and shall also so state in the communication to Class Members. If any check payment is returned by the U.S. Postal Service as undeliverable, or is un-cashed or not negotiated before it expires, neither Amazon nor the Settlement Administrator nor Class Counsel shall have any further obligations to any Named Plaintiff or Settlement Class Member, except that:

15

DocuSign Envelope ID: C5F12447-3268-461C-9474-434BBADDA237

a.      for any check returned by the U.S. Postal Service with a forwarding address before the check's expiration date, the Settlement Administrator will mail the check to the forwarding address;

b.      if a Named Plaintiff or Settlement Class Member contacts the Settlement Administrator or Class Counsel to request a replacement check, the Settlement Administrator will comply with that request by cancelling the initial check and issuing a replacement check, but the replacement check shall expire on the same date as the original check; and

c.      the Parties agree that all Settlement Class Members waive and abandon any ownership interest in any undeliverable, returned, un-cashed, or non-negotiated checks and further agree that no obligation has been generated or proven with respect to such undeliverable, returned, un-cashed, or non-negotiated checks.

C.      Non-Monetary Relief. In addition to the establishment of the Settlement Fund, Amazon has agreed to implement certain non-monetary relief, set forth as follows, for the benefit of Class Members. Such changes shall be ordered and must be approved by the Court as being in full compliance with all applicable laws including without limitation the Fair Credit Reporting Act within the Final Approval Order.

1.      Amazon's Disclosure Form shall inform consumers simply that Amazon intends to obtain a consumer report, sometimes known as a "background check" for employment purposes about them. A replica of Amazon's revised Disclosure Form is attached hereto as Exhibit E. The Parties and their counsel agree that this form complies with all applicable requirements in the Fair Credit Reporting Act. The Final Approval Order shall reflect the Court's conclusion that this form complies with all applicable requirements in the Fair Credit Reporting

16

DocuSign Envelope ID: C5F12447-3268-461C-9474-434BBADDA237

Act. The Final Approval Order shall reflect the Court's conclusion that this form complies with all applicable requirements in the Fair Credit Reporting Act. The proposed Final Approval Order will allow Amazon to modify this form in a way that does not alter its basic approach to inform consumers simply that Amazon intends to obtain a consumer report, sometimes known as a "background check," about them for employment purposes and may also change this form if required by changes in applicable law. This restriction shall expire after Two (2) years from the Effective Date. If Amazon makes any change during this time period, it shall provide at least Thirty (30) days advance notice of the change to Class Counsel. If Class Counsel disputes that the proposed change is not material or is not consistent with the approach of the approved notice, then it will have Seven (7) days to inform Amazon of this disagreement. If such dispute cannot be resolved by the Parties, Class Counsel shall file an appropriate motion with the Court within Seven (7) days thereafter.

2.      Amazon shall at all times comply with 15 U.S.C. § 1681b(b)(3). In using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, if Amazon intends to take such adverse action, Amazon shall provide to the consumer to whom the report relates a copy of the report and a description in writing of the rights of the consumer as prescribed by the appropriate federal agency (the "pre-adverse action notice"). In addition: (a) in Amazon's Salesforce platform, the consumer reporting agency that provides consumer reports to Amazon shall no longer use the grading system that was in place at the time relevant to the Mathis Matter, but instead will enter a notation into the Salesforce system that includes an indication that a pre-adverse action notice is being sent and an "in progress" status; and (b) the Amazon employees who make basic hiring decisions will be separate and distinct from any Amazon employees that review consumer reports, make decisions on those reports, and respond to inquiries from candidates about background check results. The Parties and their counsel believe this approach addresses the primary issue raised in the *Mathis* Matter.

3.      Amazon shall maintain, for a period of 2 years following execution of this agreement, a website page that contains information relating to consumers' rights under the FCRA. The website shall meet the following requirements:  a.  It will be created and maintained in a manner to permit its access by the public generally; b. It will be created and maintained in a manner to permit indexing by Internet-based web search functions and utilities; c. It will be hosted and controlled by Amazon; d.  It will be independent of this lawsuit, will not reference the lawsuit and will not suggest any criticism of Amazon; e. Content and formatting will be created by Amazon, with collaborative feedback from Class Counsel. .

The Parties believe that such non-monetary relief is of additional value to Class Members and further consideration to support the Settlement.

## V.      RELEASE OF CLAIMS.

A.      Plaintiffs And Settlement Class Members' Releases of Claims. On the Settlement Effective Date, for the Settlement Class' benefits and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Plaintiffs and all Settlement Class Members who have not timely and properly opted out of the Settlement, and each of their respective spouses, heirs, executors, trustees, guardians, wards, administrators, representatives, agents, attorneys (except for the law firms of Wenzel Fenton Cabassa, P.A., Morgan & Morgan, and Consumer Litigation Associates, P.C.), partners, successors, predecessors and assigns, and all those acting or purporting to act on their behalf, fully and forever release, waive, acquit, and discharge Amazon and the Released Persons from any and all claims, actions, or causes of action under 15 U.S.C. § 1681b(b)(2)(A) and 15 U.S.C. § 1681b(b)(3) of the FCRA, and any state law equivalent. It is expressly intended and understood by the Parties that this Settlement Agreement is to be construed as a complete settlement, accord, and satisfaction of the Settlement Class

18

Members' Released Claims and all of the Released Claims shall be dismissed with prejudice as to claims that could have been brought in this case, even if the Settlement Class Member never received actual notice of the Settlement prior to the Final Approval Hearing.

B.     Sole and Exclusive Remedy. This Agreement sets forth the sole and exclusive remedies for any Released Claims. No court or arbitrator may award damages or relief of any kind, including compensatory, punitive, or multiple damages, with respect to any Released Claim, and no Settlement Class Member may serve as a representative plaintiff with respect to such a claim or remain in any action or permit himself or herself to be represented by a third party in any action in which such a claim is asserted.

C.     Authority of Court. The administration and implementation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases contained in the Agreement. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

D.     Permanent Injunction. Upon issuance of the Judgment, the Settling Parties agree that: (i) the Released Persons shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s); (ii) Settlement Class Members who have not opted out shall be permanently barred and enjoined from asserting any Released Claims in any action or from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (iii) Settlement Class Members who have not opted out shall be permanently barred and precluded from organizing Settlement Class Members, or soliciting the

19

DocuSign Envelope ID: C5F12447-3268-461C-9474-434BBADDA237

participation of Settlement Class Members, for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

E.      Enforcement. Nothing in this Settlement Agreement and Releases shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed herein.

## VI.     NO ADMISSION OF LIABILITY.

No Admission. Amazon has asserted and continues to assert many defenses in the Action and expressly denies any fault, wrongdoing or liability whatsoever, as well as the validity of each of the claims and prayers for relief asserted in the Action. Amazon has entered into this Agreement because of the substantial expense of litigation, the length of time necessary to resolve the issues presented, the inconvenience involved, and the disruption to its business operations. The Parties expressly acknowledge and agree that neither the fact of, nor any provision contained in, this Agreement, nor the implementing documents or actions taken under them, nor Amazon's willingness to enter into this Agreement, nor the content or fact of any negotiations, communications, and discussions associated with the settlement shall constitute or be construed as an admission by or against Amazon or any of the Released Persons of any fault, wrongdoing, violation of law, or liability whatsoever, the validity of any claim or fact alleged in this Action, or any infirmity of any defenses asserted by Amazon in this Action.

## VII.    NOTICE, OPT OUT, OBJECTIONS, SETTLEMENT APPROVAL, AND TERMINATION.

A.      Retention of Settlement Administrator. The Parties shall agree upon a Settlement Administrator to administer the Settlement. The Settlement Administrator shall administer the

DocuSign Envelope ID: C5F12447-3268-461C-9474-434BBADDA237

Settlement in a cost-effective and timely manner. Because the information about Settlement Class Members that will be provided to the Settlement Administrator will consist of confidential information, non-public personal information, and other information protected by privacy laws, the Settlement Administrator will execute a non-disclosure agreement and will take all reasonable steps to ensure that any information provided to it by Amazon will be appropriately secured and used solely for the purpose of effecting this Settlement. The Settlement Administrator shall administer the Settlement in accordance with the terms of this Settlement Agreement and, without limiting the foregoing, shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications, or other information to any person or entity except as provided for in this Settlement Agreement or by court order.

B.  Notice to Settlement Class. As soon as practicable but in no event more than twenty (20) days after the Court has issued its Preliminary Approval Order in substantially the same form as Exhibit A, the Settlement Administrator will send by email the approved Notice with individual control numbers, attached as Exhibit B, to all Settlement Class Members. The Settlement Administrator shall use commercially reasonable processes to best ensure that the E-Mail notice is delivered and not blacklisted or blocked by SPAM filters. At the Settlement Administrator's reasonable discretion, such processes may include, for example, the use of an appropriate Subject Line and sender field and, commercial services to ensure delivery is Whitelisted, to best avoid general SPAM filters. The E-mail notice will include a hyperlink by which a class member can submit a claim. Should email delivery fail, the Settlement Administrator shall then mail via first-class U.S. Mail, postage prepaid and return service requested, the approved Notice, to such Class Members. The Notice shall be mailed to each such Settlement Class Member's last known

mailing address, as updated by Class Counsel using the U.S. Postal Service's database of verifiable

mailing addresses (the CASS database) and the National Change-of-Address database. The Notice

shall bear the Settlement Administrator's mailing address as the return-mail address. The envelope

in which the Notice is sent will include an indication that it is a "Court Approved Settlement

Notice authorized by the U.S. District Court for the Middle District of Florida" and may also

include a bar code.

   C. Mailed Notices Returned as Undeliverable. For all traditionally mailed Notices

returned without forwarding addresses, the Settlement Administrator will use publicly available

databases as practicable to update members of the Settlement Class' address and will re-mail to

such members of the Settlement Class who can be located. The Opt-Out Deadline and the

Objection Deadline shall not be extended.

   D. Right to Opt Out. All members of the Settlement Classes will have the right to be

excluded from (i.e., to "opt out" of) the Settlement Class. On or before the Opt-Out Deadline

established by the Court, each Settlement Class Member who elects to opt out of the Settlement

must send, by first-class U.S. mail, written notice addressed to the Settlement Administrator

indicating his or her name and address and stating that he or she desires to opt-out of the settlement

or otherwise does not want to participate in the settlement. Any member of the Settlement Class

who does not timely (as measured by the postmark on that individual's written notice) opt out of

the Settlement by written notice correctly directed to the Settlement Administrator and containing

the requisite information shall become a Settlement Class Member and shall be bound by any

Orders of the Court, the Judgment, and the Settlement, including the Release.

   In no event shall members of the Settlement Class be allowed to opt-out of the Settlement

as a group or on or behalf of more than one member of the Settlement Class, and any such attempt

shall not be considered a successful opt out. Any Settlement Class Member who fails to timely and validly opt out of the Settlement Class under this Settlement Agreement shall be bound by the terms of this Settlement.

E.    Objections. Any Settlement Class Member who wishes to object to the settlement must file a timely written statement of objection with the Clerk of Court, and mail a copy of that objection with the requisite postmark to Class Counsel and Defense Counsel no later than the Objections Deadline. Any objection must state the case name and number; the basis for and an explanation of the objection; the name, address, telephone number, and email address of the Settlement Class Member making the objection; and a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel.

In addition, any objection must be personally signed by the Settlement Class Member and, if represented by counsel, then by counsel.

Any Settlement Class Member who fails to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objections, whether by appeal or otherwise, to the Settlement. No Settlement Class Member shall be entitled to contest in any way the approval of the terms and conditions of this Agreement or the Court's Final Approval Order and Judgment except by filing and serving written objections in accordance with the provisions of this Settlement Agreement. Any Settlement Class Member who fails to object in the manner prescribed shall be deemed to have waived and shall be foreclosed forever from raising any objections to the Settlement.

F.    Preliminary Settlement Approval. As soon as practicable after the Parties execute this Agreement, the Named Plaintiffs will present this Agreement to the Court for preliminary

23

settlement approval and will request that the Court enter a Preliminary Approval Order preliminarily approving the settlement in the form attached as Exhibit A.

G.       Compliance with CAFA. In accordance with the Class Action Fairness Act of 2005 ("CAFA"), within ten (10) days of the Named Plaintiffs' filing of the motion for preliminary settlement approval, Amazon shall serve upon the appropriate state and federal officials a notice of this proposed Settlement in accordance with CAFA, 28 U.S.C. § 1715. Amazon will provide a copy of this notice to Class Counsel and will file with the Court a notice of compliance with CAFA's requirements.

H.       Right Of Withdrawal And Termination. This Agreement shall terminate at the discretion of Amazon if: (1) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Agreement or the proposed Settlement that is material, including without limitation, the terms or relief and Settlement Fund (other than Attorneys' Fees and Expenses), the findings or conclusions of the Court, the provisions relating to Class Notice, the definition of the Settlement Class, and/or the terms of the Releases; (2) the Court, or any appellate court(s), does not enter or completely affirm, or alters or expands, any portion of the Final Judgment, or any of the District Court's findings of fact or conclusions of law, that is material; or (3) more than 5% of the total members of the Settlement Class validly, timely, and individually opt out of the class, then Amazon may in its sole discretion void the Settlement. If Amazon exercises its right to terminate this Agreement, it shall be vacated, rescinded, cancelled, and annulled, and the Parties will return to the status quo ante as if they had not entered into this Settlement. In such event, the terms and provisions of this Agreement, as well as all negotiations and proceedings related to the Settlement, will have no further force and effect with respect to the Settling Parties and will not be used or discoverable in the Action, or in any other proceeding for any purpose, and

any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated, *nunc pro tunc.*

This Agreement shall terminate at the discretion of Plaintiffs if: (1) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Agreement or the proposed Settlement that is material, including without limitation, the terms or relief and Settlement Fund (other than Attorneys' Fees and Expenses), the findings or conclusions of the Court, the provisions relating to Class Notice, the definition of the Settlement Class, and/or the terms of the Releases; (2) the Court, or any appellate court(s), does not enter or completely affirm, or alters or expands, any portion of the Final Judgment, or any of the District Court's findings of fact or conclusions of law, that is material; or (3) the size of either Class is greater than 105% of the sizes represented in this Agreement, unless Amazon adds a proportionate addition amount into the Settlement Fund. If Plaintiffs exercise their right to terminate this Agreement, it shall be vacated, rescinded, cancelled, and annulled, and the Parties will return to the status quo ante as if they had not entered into this Settlement. In such event, the terms and provisions of this Agreement, as well as all negotiations and proceedings related to the Settlement, will have no further force and effect with respect to the Settling Parties and will not be used or discoverable in the Action, or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated, *nunc pro tunc.*

## VIII.  **REPRESENTATIONS AND WARRANTIES.**

A.  Representations and Warranties. Each Named Plaintiff represents and warrants that: (a) he is the sole and exclusive owner of his own Released Claims and that he has not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released

Persons; (b) he will not assign or otherwise transfer any interest in any of his Released Claims; and (c) he has no surviving claim or cause of action against any of the Released Persons with respect to any of the Released Claims.

      B.     The Settling Parties' Representations and Warranties. The Settling Parties, and each of them on his or its own behalf only, represent and warrant:  (a) they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations among their counsel; (b) in executing the Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof;  and (c) they have not been influenced to any extent whatsoever in executing the Settlement Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any party to the Settlement Agreement.

      C.     Risk of Mistake. Each of the Settling Parties assumes the risk of mistake as to facts or law.

## VIII.  HEARING ON THE PROPOSED SETTLEMENT

      A.     On the date set by the Court for the Fairness Hearing, the Parties shall jointly request the Court to review any petitions to intervene or objections to the Agreement which have been timely filed and to conduct such other proceedings (including the taking of testimony, receipt of legal memoranda and hearing of arguments from the parties or others properly present at the Fairness Hearing) as the Court may deem appropriate under the circumstances.

      B.     At the Fairness Hearing, Plaintiffs and Amazon shall jointly request the Court to enter a Final Approval Order and Judgment, which, among other things:

1.      Approves, without material alteration, the proposed settlement, pursuant to the terms of this Agreement;

2.      Finds that the terms of this Agreement are fair, reasonable and adequate to the Settlement Class;

3.      Provides that each member of the Settlement Class shall be bound by this Agreement, including the Release;

4.      Finds that the sending and mailing of the Notice in the form attached as Exhibit B and the other means of notice required by this Agreement satisfy the requirements of Rule 23 and the requirements of due process;

5.      Approves the Attorneys' Fees and Expenses to be paid to Class Counsel and the Service Awards to Named Plaintiffs;

6.      Approves the non-monetary injunctive relief as compliant with all applicable laws;

7.      Dismisses all claims made in this case on the merits and with prejudice;

8.      Protects the confidentiality of the names and addresses of Class Members and other information as set forth herein; and

9.      Retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Agreement.

C.      If the Settlement is not granted Final Approval, or this Agreement is otherwise terminated or rendered null and void, the certification of the above-described Settlement Classes shall be automatically vacated and shall not constitute evidence or a determination that the requirements for certification of a class for Settlement or trial purposes in this or any other action can be or have been satisfied; in such circumstances, Amazon reserves and shall have all rights to

challenge certification of the Settlement Classes or any other Class for trial or any other purpose in the Action, or in any other action, on all available grounds as if no Settlement Classes had been certified.

## IX.   **MISCELLANEOUS PROVISIONS**

A.      Communications with Settlement Class Members. The Parties agree that Class Counsel may at their sole cost and expense, communicate directly with members of the Settlement Class to ensure as much participation in the Settlement as possible and/or to answer questions, as needed. The Parties also agree that Amazon may communicate with its customers, employees, or prospective employees, including members of the Settlement Class, in the ordinary course of business.

B.      Authority. The signatories below represent they are fully authorized to enter into this Agreement and to bind the Parties and the Settlement Class Members.

C.      Best Reasonable Efforts and Mutual Full Cooperation. The Parties agree to fully cooperate with one other to accomplish the terms of this Agreement, including but not limited to, executing such documents and taking such other actions as may be reasonably necessary to implement the terms of this Settlement. The Parties to this Agreement will use their best reasonable efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary or ordered by the Court, or otherwise, to effectuate this Agreement and the terms set forth in it and to ensure that checks are mailed to Settlement Class Members in a timely manner. As soon as practicable after execution of this Agreement, Class Counsel will, with the assistance and cooperation of Amazon and its counsel, take all necessary steps to secure the Court's final approval of the Parties' settlement.

28

DocuSign Envelope ID: C5F12447-3268-461C-9474-434BBADDA237

D.     Entire Agreement. This Agreement constitutes the full and entire agreement among the Parties with regard to the subject matter and supersedes all prior representations, agreements, promises, or warranties, written, oral, or otherwise. No Party shall be liable or bound to any other Party for any prior representation, agreement, promise, or warranty, oral or otherwise, except for those that are expressly set forth in or attached to this Agreement.

E.     Binding. This Agreement will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

F.     No Prior Assignments. The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or that are rights released or discharged in this settlement except as set forth in this Agreement.

G.     Construction. The Parties agree that the terms and conditions of this Agreement are the result of lengthy, arm's-length negotiations between the Parties and that this Agreement will not be construed in favor of or against any Party by reason of the extent to which any Party or the Party's Counsel participated in the drafting of this Agreement.

H.     Construction of Captions and Interpretations. Paragraph titles, captions, or headings in this Agreement are inserted as a matter of convenience and for reference and in no way define, limit, extend, or describe the scope of this Agreement or any provision in it. Each term of this Agreement is contractual and is not merely a recital.

I.     Notices. Unless otherwise specifically provided in this Agreement, should any notices, demands or other communications be required after entry of the Court's Final Approval Order and Judgment, they will be in writing and will be deemed to have been duly given as of

the third business day after mailing by U.S. registered or certified mail, return receipt requested,

addressed as follows:

To Plaintiffs:                                   To Amazon:
Luis A. Cabassa, Esq.
lcabassa@wfclaw.com                              Gregory T. Parks
Brandon J. Hill, Esq.                            Morgan, Lewis & Bockius LLP
bhill@wfclaw.com                                 1701 Market St
Wenzel, Fenton, Cabassa, P.A.                    Philadelphia, PA 19103-2921
1110 N. Florida Ave., Suite 300                  Telephone: 215.963.5170
Tampa, Florida 33602-3300                        Facsimile: 215.963.5001
Telephone: 813.224.0431                          gregory.parks@morganlewis.com
Facsimile: 813.229.8712

Any communication made in connection with this Agreement shall be deemed to have been served

when sent by overnight delivery or registered or certified first-class U.S. mail, postage

prepaid, or when delivered in person at the addresses designed above.

     J.     Class Signatories. The Parties agree that because the Settlement Class Members are

so numerous, it is impossible and impracticable to have each Settlement Class Member execute

this Agreement. Therefore, the Notice will advise all Settlement Class Members of the binding

nature of the release and will have the same force and effect as if executed by each Class Member.

     K.     Choice of Law. This Agreement shall, in all respects, be interpreted, construed and

governed by the laws of the State of Florida without regard to application of the choice of law rules

of any jurisdiction.

     L.     Counterparts. This Agreement may be executed in counterparts, and when each

Party has signed and delivered at least one such counterpart, each counterpart will be deemed an

original, and, when taken together with other signed counterparts, will constitute one Agreement,

which will be binding upon and effective as to all Parties, subject to the Court's approval.

30

## X.   **EXHIBITS**.

      A.      Proposed Preliminary Approval Order.

      B.      Proposed Settlement Notices.

      C.      Proposed Claim Forms.

      D.      Proposed Final Approval Order.

      E.      Revised Disclosure Form Screen Shots.


[This Space Intentionally Left Blank – Execution and Signatures on Next Page]

Donovan Hargrett

Named Plaintiff and Class Representative

6 / 29 / 2018

Date

Michael Austin

Named Plaintiff and Class Representative

6 /29 /2018

Date

Michael Mathis

Named Plaintiff and Class Representative

06/29/2018

Date

Brandon J. Hill, Esq.

Class Counsel and Counsel for Plaintiff

6/29/18

Date

Amazon.com DEDC, LLC

By: _____

Title:_____

Date

Gregory T. Parks, Esq.

Counsel for Amazon.com DEDC, LLC

Date