UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONOVAN HARGRETT
and MICHAEL MATHIS, *et al.*,

    Plaintiffs,

v.                                                      CASE NO. 8:15-cv-2456-T-26EAJ

AMAZON.com DEDC LLC,

    Defendant,

_____

MICHAEL AUSTIN, *et al.*,

    Plaintiff,

v.                                                      CASE NO. 8:15-cv-2588-T-26JSS

AMAZON.com DEDC LLC,

    Defendant.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE, AND SCHEDULING A FINAL APPROVAL HEARING**

Upon review and consideration of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, including the Parties' Stipulation and Settlement Agreement (the "Settlement Agreement") and all Exhibits thereto, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. **Settlement.** Plaintiffs Donovan Hargrett, Michael Austin, and Michael Mathis ("Plaintiffs"), on behalf of themselves and all Settlement Class Members, and Defendant Amazon.com DEDC, LLC ("Amazon") (collectively, the "Settling Parties"), have negotiated a potential settlement of this action (the "Action") to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve any and all claims being released by the Settlement Agreement, including all claims which have been or could be asserted by Plaintiffs and/or other members of the Settlement Classes in the Action against Amazon and all of its respective past and present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, insurers, agents, and affiliated companies.

2. **Review.** The Court has carefully reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter. The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

3. **Preliminary Approval.** The Settlement Agreement entered into by and among the Settling Parties has been negotiated at arm's-length and is approved on a preliminary basis as fair, reasonable, and adequate.

4. **Settlement Class Definitions and Relief.** The proposed Settlement Class Relief to the Settlement Class Members, as identified in Section IV of the Settlement Agreement, is approved on a preliminary basis as fair, reasonable, and adequate. The Settlement Classes include the Disclosure Form Settlement Class and the Pre-Adverse Action Notice Subclass.

The Disclosure Form Settlement Class shall consist of all individuals in the United States who (a) applied online for work at Amazon or its affiliates using the Salesforce platform; (b) were

the subject of a consumer report that was procured by Amazon or its affiliates (or caused to be procured by Amazon); (c) to whom Amazon or its affiliates presented the Disclosure Form; (d) within two years of the filing of the Hargrett Matter through the date of Preliminary Approval. The Parties represent that the Disclosure Form Settlement Class consists of approximately 454,000 individuals. Excluded from the Disclosure Form Settlement Class are all individuals who file a timely and proper request to be excluded from the Settlement Class in accordance with the Settlement Agreement.

The Adverse Action Settlement Class shall consist of all Disclosure Form Class Members as to whom Amazon or its affiliates took adverse action based in whole or in part on any consumer report from August 22, 2015 through the date of Preliminary Approval. The Adverse Action Settlement Class consists of approximately 29,000 individuals.

5.  **Preliminary Certification of Settlement Class.** The Court makes the following determinations as to certification of the Settlement Class for settlement purposes only:

    (a)   The Court preliminarily certifies the Settlement Classes for purposes of settlement only, under Fed. R. Civ. P. 23(a) and (b)(3).

    (b)   The Settlement Classes are so numerous that joinder of all members is impracticable;

    (c)   There are questions of law or fact common to the members of the Settlement Classes;

    (d)   The claims of Plaintiffs are typical of the claims of the other members of the Settlement Classes;

    (e)   Plaintiffs and are capable of fairly and adequately protecting the interests of the members of the Settlement Classes, in connection with the Settlement Agreement;

(f)   Common questions of law and fact predominate over questions affecting only individual members of the Settlement Classes;

(g)   The Settlement Classes are ascertainable;

(h)   Resolution of the claims in this Litigation by way of Settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Classes.

6.   **Designation of Class Representatives.** Plaintiffs Donovan Hargrett and Michael Austin are designated as representatives of the Disclosure Form Settlement Class for the sole purpose of seeking a settlement of the Litigation. Plaintiffs Hargrett and Michael Mathis are designated as representatives of the Adverse Action Settlement Class for the sole purpose of seeking a settlement of the Litigation

7.   **Designation of Class Counsel.** Attorneys Luis A. Cabassa and Brandon J. Hill of the law firm Wenzel Fenton Cabassa, P.A., Leonard A. Bennett and Craig C. Marchiando of Consumer Litigation Associates, P.C., and Marc Edelman of Morgan & Morgan are hereby designated as Class Counsel for the Settlement Classes.

8.   **Final Approval Hearing.** A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held at 9:30 a.m. on November 16, 2018 in Tampa, Florida before the Honorable Richard A. Lazzara, to determine, among other things: (i) whether the Settlement of the Litigation should be approved as fair, reasonable, and adequate; (ii) whether the Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (iii) whether Settlement Class Members should be bound by the Release set forth in the Settlement Agreement; (iv) whether Settlement Class Members should be subject to a permanent injunction which, among other things, bars Settlement Class Members who have not opted out, from filing,

commencing, prosecuting, intervening in, participating in (as class members or otherwise), organizing, or soliciting the participation of other Settlement Class Members to pursue any action in any jurisdiction based on or relating to any of the Released Claims (as defined in the Settlement Agreement) or the facts and circumstances relating thereto; and (v) whether the application of Class Counsel for an award of Attorneys' Fees and Expenses, and for a Case Contribution Award to Plaintiff, should be approved.

Such hearing may be reset to a later date than that in the Class Notices without requiring additional, subsequent notice to Class Members.

9. **Class Notice.**

(a) The Court approves the Class Notice in the Settlement Agreement, including the Short-Form Notice electronically mailed to all Settlement Class Members attached as Exhibit B to the Settlement Agreement and the manner of providing mail notice to Settlement Class Members described in Section VII of the Settlement Agreement. The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class. The Court further finds that mail notice and the other forms of Class Notice in the Settlement Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process.

(b) The Short-Form Notice shall be mailed not less than ninety (90) days before the date set by the Court for a Final Approval Hearing regarding the Settlement.

(c) No later than the sending of the Short-Form Notice, the Settlement Administrator shall establish an Internet site (the "Settlement Website"), which shall contain

copies of the Complaint, the Settlement Agreement and Exhibits, the Short-Form Notice, the Long-Form Notice, and other documents about the Lawsuit. The Settlement Website shall have a Uniform Resource Locator which identifies the Settlement Website as HargrettFCRASettlement.com. The Settlement Website shall remain open and accessible through the expiration period of all issued Settlement checks. The Settlement Website also shall prominently display contact information for Class Counsel and shall direct all questions about the Class Settlement to Class Counsel.

(d) No later than 7 days prior to the Final Approval Hearing, Class Counsel shall obtain from the Settlement Administrator and shall file with the Court a proof of mailing of the Mail Notice and of establishing the Settlement Website.

10. **Administrator.** The Court authorizes and directs the Parties to retain a Settlement Administrator to implement the terms of the Settlement Agreement, and authorizes and directs such Administrators to: (i) mail and provide Class Notice; (ii) establish the Settlement Website; (iii) administer the Settlement Fund and provide settlement relief to Settlement Class Members; and (iv) carry out such other responsibilities as are provided for in the Settlement Agreement or may be agreed to by the Parties in the Action.

11. **Exclusion from the Settlement Class.** Any Settlement Class Member who wishes to be excluded from the Class must send a written Request for Exclusion to Class Counsel (or the Settlement Administrator), by first-class mail, postage prepaid, to the address provided in the Class Notice. Any such Request for Exclusion must be postmarked no later than October 1, 2018, which is forty-five (45) days after the Mail Notice Date.

(a) To be valid, the Request for Exclusion must: (a) identify the case name; (b) identify the name, address, and telephone number of the Settlement Class Member; (c) identify

the address of the property securing the loan for which the Settlement Class Member received the reinstatement quote letter; (d) be personally signed by the Settlement Class Member requesting exclusion; and (e) contain a statement that indicates a desire to be excluded from the Settlement Class in the Litigation, such as "I hereby request that I be excluded from the proposed [Disclosure Form or Pre-Adverse Action] Settlement Class in *Hargrett v. Amazon.com DEDC LLC*, No. 8:15-cv-02456-RAL-AAS."

(b) A Settlement Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Settlement Agreement, even if the Settlement Class Member desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Persons (as defined in the Settlement Agreement), or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Persons.

(c) Except for those Settlement Class Members who timely and properly file a request for exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Final Settlement Date (as defined in the Settlement Agreement), will be bound by its terms, including, but not limited to, the Releases in Section 12 of the Settlement Agreement.

(d) If the proposed Settlement is finally approved, any Settlement Class Member who has not submitted a timely, written request for exclusion or to opt-out from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this Action, even if he or she has pending, or subsequently initiates, litigation against Amazon or any of the Released Parties relating to any of the Released Claims.

12.     **Objections and Appearances**. Any Settlement Class Member who has not filed a timely written request for exclusion and who complies with the requirements of this Paragraph may object to any aspect of the proposed settlement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who wishes to object to the Settlement Agreement must do so in writing and must file with the Clerk of Court and serve on Class Counsel and Defense Counsel at the addresses listed below, a written statement of objection in accordance with the requirements set forth below and in the Settlement Agreement. The written statement of objection must be postmarked no later than October 1, 2018, which is forty-five (45) days after the Mail Notice Date.

To Plaintiffs:
Luis A. Cabassa, Esq.
lcabassa@wfclaw.com
Brandon J. Hill, Esq.
bhill@wfclaw.com
Wenzel, Fenton, Cabassa, P.A.
1110 N. Florida Ave., Suite 300
Tampa, Florida 33602-3300
Telephone: 813.224.0431
Facsimile: 813.229.8712
*Attorneys for Plaintiffs*

To Amazon:
Brian M. Ercole
Morgan, Lewis & Bockius LLP
200 South Biscayne Blvd., Suite 5300
Miami, FL 33131
Telephone: 305.415.3416
Facsimile: 305.415.3001
brian.ercole@morganlewis.com

Gregory T. Parks *(admitted pro hac vice)*
Morgan, Lewis & Bockius LLP
1701 Market St
Philadelphia, PA 19103-2921
Telephone: 215.963.5170
Facsimile: 215.963.5001
gregory.parks@morganlewis.com

*Attorneys for Defendant Amazon.com DEDC LLC*

(a)     The requirements to assert a valid written objection shall be set forth in the long form Class Notice, and shall include: (a) the case name and number; (b) the name, address, telephone number of the person objecting and, if represented by counsel, of his/her counsel; (c) a description of the specific basis for each objection raised; (d) a statement of whether he/she intends

to appear at the Final Approval Hearing, either with or without counsel; (e) the address of the property securing the loan for which he/she received the reinstatement quote letter; (f) if the objector is represented by counsel, a statement as to the number of objectors in this case counsel represents; (g) if the objector's counsel expects to be paid other than by the objector client, a statement of counsel's proposed hourly rate and the number of hours expended on the case through the filing of the objection; and (h) a statement by objector's counsel of all class action cases—identifying cases by style—in which counsel has represented objectors in the past eighteen months..

(b) Any Settlement Class Member who fails to object to the Settlement in the manner described in the Agreement, the Class Notice, and this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means;

(c) Any Settlement Class Member who submits a timely written objection may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement Agreement should not be approved as fair, adequate, and reasonable, provided that the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing ("Notice Of Intention to Appear"), which must include the case name and number and the Settlement Class Member's name, address, telephone number, and signature, by the Objection Deadline (as identified in Paragraph 12 above); and (b) serves the Notice Of Intention To Appear on all counsel designated in the Class Notice by the Objection Deadline. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court

in connection with the Final Approval Hearing. Any attorney who intends to represent an objecting Settlement Class Member at the Final Approval Hearing must do so at the Settlement Class Member's expense and must file a notice of appearance at least two weeks before the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention To Appear in accordance with the deadlines and other specifications set forth in the Agreement, the Class Notice, and this Order will not be entitled to appear at the Final Approval Hearing to raise any objections.

13. **Releases.** If the Settlement is finally approved, all Settlement Class Members who have not filed a timely and proper request for exclusion shall release the Released Persons from all Released Claims, as described in Section V of the Settlement Agreement.

14. **Attorneys' Fees and Expenses, and Service Awards.** Amazon agrees not to oppose an application for the award of Attorneys' Fees and Expenses in this Action not to exceed one-third (1/3) of the Settlement Fund ($1,666,666). Amazon also agrees not to oppose the application for a Service Award of $3,000 for each Named Plaintiff for his work and assistance in this Action. Class Counsel shall file their motion requesting these awards no later than twenty-one days before the Final Fairness Hearing, and the Court shall permit Class Members who have filed valid written objections a period of seven days to supplement their objections to respond to Class Counsel's motion for attorneys' fees and Service Awards. Class Counsel may respond to any objections not later than seven days before the Final Fairness Hearing.

15. **Preliminary Injunction.** All Settlement Class Members who do not timely exclude themselves from the Settlement Class are hereby preliminarily enjoined from directly or indirectly (i) asserting any of the Released Claims (as that term is defined in the Settlement Agreement) in any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in

(as class members or otherwise) any lawsuit based on or relating to any of the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims or the facts and circumstances relating thereto against the Released Parties.

16. **Service of Papers.** Class Counsel and Defense Counsel shall serve on each other and on all other parties who have filed notices of appearance or written objections, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members. Class Counsel and Defense Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Final Approval Hearing.

17. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final (as defined in the Settlement Agreement), pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated or does not become Final, as required by the terms of the Settlement Agreement, for any other reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement

purposes shall be automatically vacated; neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose.

18. **Use of Order Following Termination of Settlement**. This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Amazon of any fault, wrongdoing, breach, or liability, or by or against Plaintiffs or the Settlement Class Members that their claims lack merit or that the relief requested in the Class Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or arguments it may have.

19. **Necessary Steps**. The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

DONE and ORDERED this __17th__ day of ____July____, 2018.

>_s/Richard A. Lazzara_  
>UNITED STATES DISTRICT JUDGE  
>Honorable Richard A. Lazzara