UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONOVAN HARGRETT, *et al.*,

    Plaintiff,

v.   CASE NO. 8:15-cv-2456-T-02AAS

AMAZON.com DEDC LLC,

    Defendant,

and

MICHAEL AUSTIN and
DEOLINDA S.M. BONDE, *et al.*,

    Plaintiffs,

v.   CASE NO. 8:15-cv-2588-T-26JSS
(Consolidated with 8:15-cv-2456-T-02AAS)

AMAZON.com DEDC LLC,

and

    Defendant,
_____/

### ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

On July 17, 2018, this Court granted preliminary approval to the proposed class action settlement set forth in the Stipulation and Settlement Agreement (the "Settlement Agreement") between Plaintiffs Donovan Hargrett, Michael Austin, and Michael Mathis ("Plaintiffs" or "Named Plaintiffs"), on behalf of themselves and all members of the Settlement Classes,[1] and

---

[1] Unless otherwise defined, capitalized terms in this Order have the definitions found in the Settlement Agreement.

Defendant Amazon.com DEDC LLC (collectively, the "Parties"). The Court also provisionally certified the Settlement Classes for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Classes, and set a final approval hearing to take place on November 16, 2018 at 9:30 a.m. The Court finds that the notice to the Settlement Classes substantially in the form approved by the Court in its preliminary approval order was given in the manner ordered by the Court, constitutes the best practicable notice, and was fair, reasonable, and adequate.

On November 16, 2018 at 9:30 a.m., the Court held a duly noticed final approval hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the Named Plaintiffs' Complaint on the merits and with prejudice in favor of Amazon and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Classes; and (3) whether and in what amount to award Counsel for the Settlement Class as Attorneys' Fees and Expenses and whether and in what amount to award as a Service Award to the Named Plaintiff.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court has subject matter jurisdiction to approve the Settlement Agreement, including all Exhibits thereto, and to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose.

2. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the

strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b) have been satisfied for settlement purposes only for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Classes; (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Classes they seek to represent; (d) Named Plaintiffs have and will continue to fairly and adequately represent the interests of the Settlement Classes for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Classes are ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Classes, as identified in the Settlement Agreement, which consists of the Disclosure Form Settlement Class and the Pre-Adverse Action Notice Subclass.

(a) All Amazon applicants or employees in the United States who (1) applied online for work at Amazon.com using Salesforce.com; (2) were the subject of a consumer report that was procured by Amazon.com (or cause to be procured by Amazon) from Accurate Background, Inc.; (3) to whom Amazon.com presented the disclosure and authorization form filed

as ECF No. 119-8; (4) within two years of the filing of the Hargrett Matter through July 17, 2018 (the "Disclosure Form Settlement Class").

      (b)    All Disclosure Form Class Members as to whom Amazon or its affiliates took adverse action based in whole or in part on any consumer report from August 22, 2015 through July 17, 2018 (the "Pre-Adverse Action Notice Subclass").

5.    The Court finally appoints attorneys Steven G. Wenzel, Luis A. Cabassa, and Brandon J. Hill of the law firm Wenzel Fenton Cabassa, P.A., and Leonard A. Bennett and Craig C. Marchiando of Consumer Litigation Associates, P.C., and Marc Edelman of Morgan & Morgan, P.A., as Class Counsel for the Settlement Classes.

6.    The Court finally designates Named Plaintiffs Donovan Hargrett, Michael Austin, and Michael Mathis as the Class Representatives.

7.    The Court makes the following findings on notice to the Settlement Classes:

      (a)    The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

      (b)    The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment (i)

constitute the most effective and practicable notice of the Final Order and Judgment, the relief available to Settlement Class Members pursuant to the Final Order and Judgment, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.

8. The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

9. The Court approves the distribution of the Settlement Fund, as described in the Settlement Agreement, as fair, reasonable, and adequate, and the Settlement Administrator is authorized to distribute the Settlement Fund in accordance with the terms of the Settlement Agreement.

10. The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

11. Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel Attorneys' Fees and Expenses in the amount of $1,666,666 payable pursuant to the terms of the Settlement Agreement. The Court also awards a service award in the amount of $3,000 to each Plaintiff payable pursuant to the terms of the Settlement Agreement.

12. The terms of the Settlement Agreement and of this Final Order and Judgment, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by the Plaintiff and all other

Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

13. The Releases, which are set forth in the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Order and Judgment; and the Released Persons (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged from all Released Claims (as that term is defined below and in the Settlement Agreement).

14. All Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly: (i) asserting any Released Claims in any action or proceeding; (ii) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any the Released Claims or the facts and circumstances relating thereto; or (iii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

15. Promptly after the Final Settlement Date, Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member and that have been released pursuant to the Settlement Agreement and this Final Order and Judgment.

16. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Order and Judgment, nor any of its terms and provisions, shall be:

(a) offered by any person or received against Amazon as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by Amazon of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Litigation or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault, or wrongdoing by Amazon;

(b) offered by any person or received against Amazon as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Amazon; or

(c) offered by any person or received against Amazon as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

17. This Final Order and Judgment and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Person (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

19. In the event that the Final Settlement Date does not occur, this Final Order and Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Final Settlement Date does not occur, the Settlement Agreement shall become null and

void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Litigation.

20. This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiffs and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

21. The Court hereby retains continuing jurisdiction over the Settlement solely to ensure its completion as set forth in the Settlement Agreement.

DONE and ORDERED this 16th day of November, 2018.

_____
UNITED STATES DISTRICT JUDGE
Honorable William F. Jung